Emilio SERRANO–VIERA, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72948.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 30, 2008.

Michael Grim, M.D., Law Office of Fernando Quinones, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Holly Smith, Esquire, Trial, Linda S. Wendtland, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Emilio Serrano–Viera, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Tarubac v. INS*, 182 F.3d 1114, 1118 (9th Cir. 1999), and we grant in part and deny in part the petition for review, and remand.

We reject the government's contention that we must remand the question of whether Serrano–Viera was persecuted on account of his political opinion to the BIA for reconsideration and a fuller explanation of its decision. Because the BIA issued a final decision concluding that any incidents that Serrano–Viera or his family experienced in Honduras were not on account of political opinion, remand is not required. *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 n. 11 (9th Cir.2006).

Serrano–Viera's testimony established that he, as well as members of his family and farmer's collective, were targeted based on their expressed views on land reform. Thus, substantial evidence does not support the agency's determination that the harm Serrano–Viera suffered was not on account of political opinion and solely motivated by a personal land dispute.[1] *See Tarubac*, 182 F.3d at 1119; *Rodriguez–Roman v. INS*, 98 F.3d 416, 429–30 (9th Cir.1996); *see also Mendoza Perez v. INS*, 902 F.2d 760, 762–63 (9th Cir.1990).

In addition, substantial evidence does not support the IJ's determination that Serrano–Viera failed to establish that the government participated in the shooting because Serrano–Viera's credible testimony established that members of the military shot at him and other land collective members. *See Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir.2004) (once an applicant's testimony deemed credible, no further corroboration required to establish the facts to which the applicant testified).

Consequently, it is immaterial that Serrano–Viera did not report the incident to governmental authorities. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1078 (9th Cir. 2004) (no requirement to report incident to police where the government is responsible).

Substantial evidence supports the agency's denial of CAT relief because Serrano–Viera failed to show that it is more likely than not that he will be tortured if removed to Honduras. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

The record does not support Serrano–Viera's contention that the IJ exhibited bias constituting a due process violation. *See Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir.2007).

We deny the government's request to file supplemental briefing in this proceeding.

Because we determine that Serrano–Viera established that the harm he suffered was, in part, on account of his political opinion, we grant the petition for review with respect to Serrano–Viera's asylum and withholding of removal claims, and remand for the agency to determine whether he has established past persecution. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In addition, the agency should reconsider its determination that Serrano–Viera could internally relocate using the proper presumption. *See* 8 C.F.R. § 1208.13(b)(3)(ii) (if "the persecutor is a government . . . it shall be presumed that internal relocation would not be reasonable").

---

1. Because of this conclusion we need not reach Serrano–Viera's contention that he was targeted as a member of a particular social group. Similarly, we reject the government's contention that we must remand to the BIA for further consideration of its finding that Serrano–Viera is not a member of a particular social group.

PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.